United States Court of Appeals,

Eleventh Circuit.

No. 94-4984.

KOTAM ELECTRONICS, INC., Plaintiff-Appellee,

v.

JBL CONSUMER PRODUCTS, INC., Defendant-Appellant.

July 28, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-779-CIV-FAM), Federico A. Moreno, Judge.

Before HATCHETT and EDMONDSON, Circuit Judges, and JOHN R. GIBSON[*], Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this appeal, the sole issue we address is whether the holding in *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974) that antitrust claims are non-arbitrable remains controlling precedent in this circuit in light of intervening decisions of the United States Supreme Court. We affirm the district court's ruling that *Cobb* controls.

FACTUAL AND PROCEDURAL BACKGROUND

From 1984 to 1992, Kotam Electronics, Inc. (Kotam), a dealer and distributor of consumer electronics products, entered into annual dealer and distributor contracts with JBL Consumer Products, Inc. (JBL). These contracts contained identical provisions requiring the parties to submit claims asserting violations of the

---

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

antitrust laws to binding arbitration.[1]  Despite the arbitration provisions, Kotam brought this antitrust action alleging that JBL engaged in price discrimination against Kotam and other dealers and distributors in violation of the Robinson-Patman Act, 15 U.S.C. § 13.[2]  JBL moved to dismiss the complaint or, in the alternative, to stay judicial proceedings pending arbitration pursuant to section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 3.

The magistrate judge issued a report recommending that the district court deny JBL's motion.  The magistrate judge found that *Cobb v. Lewis,* 488 F.2d 41 (5th Cir.1974), which held that antitrust claims are non-arbitrable, constituted binding precedent on this issue.  In so doing, the magistrate judge rejected JBL's contention that the Supreme Court has effectively overruled *Cobb,* thus rendering Kotam's antitrust claims arbitrable.  The district court adopted the magistrate judge's report and recommendation. This appeal followed.

---

[1]The provisions provide, in relevant part:

> 22. GOVERNING LAW AND ARBITRATION

> b. Any controversy or claim arising out of or relating to this Agreement, or the breach or validity thereof, whether at common law or under statute, including without limitation claims asserting violation of the antitrust laws, shall be settled by final and binding arbitration in accordance with the Rules for Commercial Arbitration of the American Arbitration Association ("AAA") in effect at the time of the execution of this Agreement. Judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof.

[2]The district court adopted the magistrate judge's finding that "Kotam does not deny that the claims at issue arose out of the Dealer and Distributor Agreements."  Kotam does not challenge this finding on appeal.

DISCUSSION

We have jurisdiction pursuant to section 16 of the FAA, which provides that "[a]n appeal may be taken from an order refusing a stay of any action under section 3 [of the FAA]." 9 U.S.C. § 16(a)(1)(A). The district court's denial of JBL's motion to stay judicial proceedings pending arbitration involved only a question of law. Therefore, we review the district court's decision *de novo*. *See Luckie v. Smith Barney, Harris Upham & Co., Inc.,* 999 F.2d 509, 512 (11th Cir.1993).

In *Cobb,* the former Fifth Circuit "addressed [the] question[ ] of the appropriateness of arbitration of issues arising under the federal antitrust laws." *Cobb,* 488 F.2d at 47. The Fifth Circuit concluded that "as a general matter, antitrust claims are not appropriate subjects of arbitration." *Cobb,* 488 F.2d at 47.[3] In reaching this holding, the *Cobb* court followed the reasoning of the Second Circuit's opinion in *American Safety Equipment Corp. v. J.P. Maguire & Co.,* 391 F.2d 821 (2d Cir.1968):

> The *American Safety Equipment Corp.* case outlined three major considerations supporting this rule. The first is the broad range of public interests affected by private antitrust claims. The Court recognized that "[a] claim under the antitrust laws is not merely a private matter", because private antitrust actions are an integral part of the effort of the antitrust laws "to promote the national interest in a competitive economy". 391 F.2d at 826. The Second Circuit noted that it is doubtful Congress could have "intended such claims to be resolved elsewhere than in the courts". *Id.* at 827. The second is the complexity of the issues and the extensiveness and diversity of the evidence antitrust cases

---

[3]The court in *Cobb* recognized "an "exception' to this "rule' against arbitration of antitrust issues for situations "when the agreement to arbitrate is made *after* the dispute arises.' " *Cobb,* 488 F.2d at 47 (quoting *Cobb v. Network Cinema Corp.,* 339 F.Supp. 95, 99 (N.D.Ga.1972)). This exception has no application to this case.

usually involve. These render antitrust claims "far better suited to judicial than to arbitration procedures". *Id.* The third is the questionable propriety of entrusting the decision of antitrust issues to commercial arbitrators, who "are frequently men drawn for their business expertise", when "it is the business community generally that is regulated by the antitrust laws". *Id.* at 827.

We are persuaded by these considerations.

*Cobb,* 488 F.2d at 47 (alteration in original).

In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc* ), this court adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. This court also adopted the rule "that a prior decision of the circuit (panel or en banc) could not be overruled by a panel but only by the court sitting en banc." *Bonner,* 661 F.2d at 1209; *see also United States v. Machado,* 804 F.2d 1537, 1543 (11th Cir.1986) ("Only a decision by this court sitting en banc or by the United States Supreme Court can overrule a prior panel decision."). The Supreme Court has not expressly overruled *Cobb,* and neither has an *en banc* court of this circuit.

"At the same time, however, according to both Eleventh and Fifth Circuit precedent this panel may not overlook decisions by the Supreme Court which implicitly overrule a binding circuit decision, or undercut its rationale." *Leach v. Pan American World Airways,* 842 F.2d 285, 286 (11th Cir.1988). JBL contends that the Supreme Court has substantially undercut the rationale of *Cobb* in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) and its progeny. Thus, JBL argues that this panel has the authority to hold that *Cobb* is no longer viable and that Kotam's antitrust claim is arbitrable.

We first address the *Mitsubishi* decision.

In *Mitsubishi,* Mitsubishi Motors Corporation (Mitsubishi), Soler Chrysler-Plymouth, Inc. (Soler), and Chrysler International, S.A. (CISA) were parties to a sales agreement containing a clause providing for arbitration for all controversies arising out of the agreement in accordance with the rules of the Japan Commercial Arbitration Association. *Mitsubishi,* 473 U.S. at 616-17, 105 S.Ct. at 3348-49. After disputes arose among the parties, Mitsubishi brought an action in federal court, in part under the FAA, 9 U.S.C. § 1 *et seq.,* seeking to compel arbitration. *Mitsubishi,* 473 U.S. at 617-19, 105 S.Ct. at 3349-50. Soler counterclaimed against Mitsubishi and CISA, asserting, in part, claims under the Sherman Act, 15 U.S.C. § 1 *et seq.* Soler resisted the arbitration of its antitrust claims. *Mitsubishi,* 473 U.S. at 619-21, 105 S.Ct. at 3350-51. The Supreme Court held that Soler's antitrust claims were arbitrable. *Mitsubishi,* 473 U.S. at 629, 640, 105 S.Ct. at 3355, 3360-61.

In its analysis, the Supreme Court rejected the *American Safety* considerations endorsed in *Cobb.* *See Mitsubishi,* 473 U.S. at 637, 105 S.Ct. at 3359 ("[S]o long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function."); at 633-34, 105 S.Ct. at 3357 ("[T]he factor of potential complexity alone does not persuade us that an arbitral tribunal could not properly handle an antitrust matter."); and at 634, 105 S.Ct. at 3357. ("[W]e also reject the proposition that an arbitration panel will pose too great a danger

of innate hostility to the constraints on business conduct that antitrust law imposes."). Therefore, JBL asserts that *Mitsubishi* has undercut the rationale of *Cobb* to the extent that *Cobb* no longer constitutes binding precedent on this panel.

Contrary to JBL's assertions, we do not believe that *Mitsubishi* has undermined *Cobb*. In *Mitsubishi,* the Court stated that it "granted certiorari primarily to consider whether an American court should enforce an agreement to resolve antitrust claims by arbitration *when that agreement arises from an international transaction.*" *Mitsubishi,* 473 U.S. at 624, 105 S.Ct. at 3352 (emphasis added). Moreover, in deciding this issue, the Court stated that:

> *We find it unnecessary to assess the legitimacy of the American Safety doctrine as applied to agreements to arbitrate arising from domestic transactions ....* [W]e conclude that concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the needs of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, *even assuming that a contrary result would be forthcoming in a domestic context.*

*Mitsubishi,* 473 U.S. at 629, 105 S.Ct. at 3355 (emphasis added).[4] In fact, the Court stated in introducing its application of the *American Safety* doctrine that "we must weigh the concerns of American Safety against a strong belief in the efficacy of arbitral procedures for the resolution of international commercial disputes and an equal commitment to the enforcement of freely negotiated choice-of-forum clauses." *Mitsubishi,* 473 U.S. at 631, 105 S.Ct. at 3356. The Court thus expressed its skepticism with *American*

---

[4]JBL does not dispute that Kotam's lawsuit is a domestic antitrust action.

*Safety* when applying that doctrine only to the international commercial realm. *See Mitsubishi,* 473 U.S. at 631-37, 105 S.Ct. at 3356-59; *see also Mitsubishi* at 658, 105 S.Ct. at 3370 ("The Court assumes for the purposes of its decision that the antitrust issues would not be arbitrable if this were a purely domestic dispute ... but holds that the international character of the controversy makes it arbitrable.") (Stevens, J., dissenting). Consequently, we conclude that *Mitsubishi* has not undercut the rationale of *American Safety* and *Cobb* as applied to domestic antitrust actions. Thus, *Cobb* remains the law of this circuit, and we are bound to apply it.

None of the cases the Supreme Court has decided subsequent to *Mitsubishi* compel us to change this conclusion. No question exists that the Court has relied on *Mitsubishi* to expand the scope of statutory claims subject to arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (Age Discrimination in Employment Act of 1967); *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (section 12(2) of the Securities and Exchange Act of 1933); *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (section 10(b) of the Securities and Exchange Act of 1934 and the civil provisions of the Racketeer Influenced and Corrupt Organizations Act). In none of these cases, however, did the Court speak directly to the propriety of arbitrating domestic antitrust claims. Accordingly, they do not change our view that *Cobb* remains controlling precedent in this circuit.

Neither does JBL's reliance on *Nghiem v. NEC Electronic, Inc.,*

25 F.3d 1437 (9th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 638, 130 L.Ed.2d 544 (1994). In *Nghiem,* a panel of the Ninth Circuit, subject to a similar "prior panel rule" as this court, relied on *Mitsubishi* to overrule *Lake Communications, Inc. v. ICC Corp.,* 738 F.2d 1473 (9th Cir.1984), a decision that endorsed the *American Safety* reasoning and holding. The *Nghiem* court provided three reasons to support its holding. First, the court noted that in *Gilmer* "the Supreme Court ... cited Mitsubishi for the general proposition that antitrust claims can be arbitrated." *Nghiem,* 25 F.3d at 1441. Second, the court stated that " *Mitsubishi* ... specifically refuted the analysis of *American Safety*." *Nghiem,* 25 F.3d at 1441. Third, the court indicated that "*Mitsubishi* may be seen as evidence of the Supreme Court's desire to make statutory rights subject to arbitration." *Nghiem,* 25 F.3d at 1442. Our analysis has already revealed that we disagree with the Ninth Circuit's second and third reasons in support of its outcome in *Nghiem.* With regard to the first reason, we believe that the best source for deciding what *Mitsubishi* held is the *Mitsubishi* decision itself, and not a phrase in a subsequent case summarizing (imprecisely, we believe) the *Mitsubishi* holding. *See Gilmer,* 500 U.S. at 26, 111 S.Ct. at 1652, 114 L.Ed.2d at 37. In any event, given the precise issue in this case, JBL's reliance on authority outside of the Supreme Court or this circuit is misplaced.

Finally, *Mitsubishi* and the cases mentioned above have placed "[t]he burden ... on the party opposing arbitration ... to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *McMahon,* 482 U.S. at 227, 107

S.Ct. at 2337-38; *see also Gilmer,* 500 U.S. at 26, 111 S.Ct. at 1652, 114 L.Ed.2d at 37; *Rodriguez de Quijas,* 490 U.S. at 483, 109 S.Ct. at 1921; *Mitsubishi,* 473 U.S. at 628, 105 S.Ct. at 3354-55. We believe that Kotam has met this burden. "If such a[ ] [congressional] intention exists, it will be discoverable in the text of the [statute], its legislative history, or an "inherent conflict' between arbitration and the [statute's] underlying purposes." *Gilmer,* 500 U.S. at 26, 111 S.Ct. at 1652, 114 L.Ed.2d at 37 (quoting *McMahon,* 482 U.S. at 227, 107 S.Ct. at 2337-38). As outlined above, the *Cobb* court held that an inherent conflict exists between arbitration and the underlying purposes of the antitrust laws. *See Cobb,* 488 F.2d at 47 ("We agree that "the pervasive public interest in enforcement of the antitrust laws, and the nature of the claims that arise in such cases, combine to make the outcome [that antitrust claims are non-arbitrable] clear'[.]") (quoting *American Safety,* 391 F.2d at 828). *Cobb* constitutes binding precedent on this panel. Therefore, because Kotam invoked *Cobb* in opposing JBL's motion, Kotam has met its burden under *Mitsubishi* and its progeny.

CONCLUSION

In sum, we hold that the district court properly relied on *Cobb* in denying JBL's motion to stay judicial proceedings pending arbitration. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

JOHN R. GIBSON, Senior Circuit Judge, dissenting:

The court today holds that *Cobb v. Lewis,* 488 F.2d 41 (5th

Cir.1974), is controlling circuit precedent and rejects the argument that *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), is intervening authority justifying this panel's departure from *Cobb.* I respectfully dissent.

*Mitsubishi* makes plain that it deals only with arbitration of antitrust cases in an international setting and, on several occasions, disavows that it applies to domestic transactions. 473 U.S. at 629, 105 S.Ct. at 3355. Nevertheless, *Mitsubishi* devotes nearly four pages to analyzing *American Safety Equipment Corp. v. J.P. Maguire & Co.,* 391 F.2d 821 (2d Cir.1968). The Court considers and rejects the four ingredients supporting *American Safety* 's conclusion that antitrust cases may not be arbitrated. Only one of the four ingredients in *American Safety,* the proposition that an arbitration panel will threaten business conduct because of innate hostility to antitrust law, reflects any difference between a domestic and international case. In turn, *Cobb* is based on *American Safety.* Although a few other cases are referred to in *Cobb, American Safety* is the first and foremost authority discussed.

I conclude that *Mitsubishi* deals a death blow to *Cobb. Mitsubishi* either overruled *Cobb,* or at least, destroyed circuit authority refusing to enforce arbitration agreements in domestic antitrust disputes.

Thus, I believe that the circuit operates on a clean slate, and that it would be wise to directly consider the issue. If we did so, I would conclude, like the Ninth Circuit and several other

district courts, that agreements to arbitrate domestic antitrust disputes are enforceable.  *Nghiem v. NEC Elec., Inc.,* 25 F.3d 1437 (9th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 638, 130 L.Ed.2d 544 (1994);  *see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 250 (7th Cir.1994).

I would reverse the district court's order and direct the district court to enter a stay to allow arbitration of the antitrust claims.